# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **LESLIE LAVERNE ALEXANDER** | * | **CIVIL ACTION NO. 08-1325** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## ORDER

Before the court are two letters from pro se plaintiff, Leslie Alexander, that were received by the Clerk of Court on February 13, 2009, and docketed on February 20, 2009. [doc. #s 11-12]. Ms. Alexander's letters raise several issues addressed below.

In plaintiff's first letter [doc. # 11], she states that she has been unable to secure representation through Legal Services of North Louisiana, Inc. However, that is but one source of legal representation, and there are numerous regional, statewide, and/or national attorneys who handle social security cases.[1]

In plaintiff's second letter, she complains about the information contained in the administrative transcript and seeks to have a hearing to present her social security case before this court. However, plaintiff is reminded that this court's review is limited to determining

---

[1] Another source for representation is the National Organization of Social Security Claimants' Representatives Lawyer Referral Service. Their telephone number is 1-800-431-2804. Also, plaintiff is referred to John Roa, the 2009 President of the 4th Judicial Bar Association (Ouachita and Morehouse Parishes). His telephone number is 318-387-2422. Additionally, the Shreveport Bar Association maintains a lawyer referral service to assist the public in obtaining legal services. Their contact number is 318-222-3643. The Shreveport Bar Association also maintains a webpage for its lawyer referral service: http://www.shreveportbar.com/referral.asp.

whether there is (1) substantial evidence of record to support the Commissioner's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). This court may not reweigh the evidence, try the issues anew, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).[2]

In light of the foregoing, plaintiff's deadline to submit her brief is hereby extended until March 27, 2009.[3] Plaintiff is cautioned that if she fails to file a brief by that date, then her case may be dismissed for failure to comply with the court's order(s). Fed.R.Civ.P. 41(b).

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of February, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] To the extent that plaintiff may have new evidence relevant to the Commissioner's decision, a court may order additional evidence to be taken before the Commissioner "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989) (citing, 42 U.S.C. § 405(g). To justify remand, the evidence must be "new," and not merely cumulative of what is already in the record. *Id.* (citation omitted). The evidence must also be "material"; *i.e.*, relevant, probative, and likely to have changed the outcome of the Commissioner's determination. *Id.* Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Id.*

[3] Plaintiff is reminded that her brief must include a certificate of service showing that she served opposing counsel with a copy thereof. Fed.R.Civ.P. 5(d).

2