# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | | |
|---|---|---|
| **LESLIE LAVERNE ALEXANDER** | * | **CIVIL ACTION NO. 08-1325** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that plaintiff's petition be **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders. Alternatively, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background

On September 4, 2008, Leslie Laverne Alexander filed the instant *pro se* complaint for judicial review of the Commissioner's decision denying her applications for social security disability benefits. On October 15, 2008, the Commissioner electronically filed his answer and a copy of the administrative transcript. [doc. # 5]. As set forth in the court's scheduling order in this matter, plaintiff had 60 days from the Commissioner's service of the administrative

transcript to file her brief.  (Oct. 17, 2008, Scheduling Order [doc. # 7]).[1]  On October 15, 2008,

the Commissioner electronically filed his answer and a copy of the administrative transcript.

[doc.# 5].  Thus, per the scheduling order, plaintiff's brief was ostensibly due by December 17,

2008.  However, due to the Commissioner's confusion regarding the limitations of the court's

electronic filing system in *pro se* cases, the Commissioner did not serve plaintiff with a copy of

the transcript until December 18, 2008.  (*See*, Dec. 18, 2008, Response [doc. # 9]).

Meanwhile on December 12, 2008, plaintiff submitted a letter to the Clerk of Court

wherein she raised several issues including her strong conviction that she was entitled to have her

social security appeal heard in open court by a jury.  (Pl. Letter to Clerk of Court [doc. # 8]).

However, in a December 19, 2008, Order, the undersigned explained *inter alia*, that this type of

case did not afford plaintiff the right to a jury trial.  (*See*, Dec. 19, 2008, Order [doc. # 10] and

cases cited therein).  Nonetheless, due to the Commissioner's failure to serve plaintiff with a

copy of the transcript, the court extended plaintiff's briefing deadline until February 17, 2009.

(December 19, 2008, Order [doc. # 10]).  The undersigned reminded plaintiff that the scheduling

order explained what she needed to include in her brief.  *Id*.

On February 13, 2009, plaintiff filed two letters with the Clerk of Court.[2]  In one letter,

she discussed her efforts to secure representation with Legal Services of North Louisiana. [doc. #

---

[1]  According to the docket sheet, plaintiff did not initially receive a copy of the scheduling order.  (*See*, October 30, 2008, Docket Entry).  On October 30, 2008, the Clerk of Court forwarded her a copy of the scheduling order.  *Id*.

[2]  The letters were not docketed until February 20, 2009.  The letters were subsequently stricken because they were not accompanied by a certificate of service.  (March 30, 2009, Order [doc. # 16]).

11].[3]   In her second letter, plaintiff complained about the information contained in the administrative transcript and sought a hearing to present her social security case before this court. [doc. # 12].  In a February 27, 2009, Order, the undersigned explained that this court's review is limited to determining whether there is (1) substantial evidence of record to support the Commissioner's determination, and (2) whether the decision comports with relevant legal standards.  (Feb. 27, 2009, Order [doc. # 14]) (citation omitted).  Moreover, this court may not reweigh the evidence, try the issues anew, or substitute its judgment for that of the Commissioner.  *Id.* (citing *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994)).  However, due to plaintiff's *pro se* status and her apparent misapprehension of the standard of review, the court again extended her briefing deadline, this time until March 27, 2009.  *Id.*  The court cautioned plaintiff that if she failed to file a brief by that date, then her case may be dismissed for failure to comply with court order(s).  Fed.R.Civ.P. 41(b).

Rather than file a brief in compliance with the court's scheduling order, plaintiff opted instead to submit another letter to the Clerk of Court wherein she questioned how she could file a brief when the information contained in the transcript is "false, untrue and incorrect?"  (Mar. 24, 2009, Letter [doc. # 15]).  She also reasserted her perceived right to a jury trial, a bench trial, or to present her case to a panel of individuals.  *Id.*

## Discussion

a) Failure to Comply with Court Orders

Pursuant to the October 17, 2008, Scheduling Order, plaintiff was required to submit a brief that *inter alia*, sets forth "**specific errors** committed at the administrative level which

---

[3]  However, she did not seek an extension of time to retain counsel.  *Id.*

entitle [her] to relief." (Scheduling Order [doc. # 7]) (emphasis in original). The order cautioned

that "[t]he court will consider only those errors **specifically identified** in the briefs. A general

allegation that the ALJ's findings are unsupported by substantial evidence, standing alone, is

insufficient to invoke the appellate function of the federal court." *Id*. (emphasis in original).

Here, plaintiff's various letters to the court fail to identify any specific errors with the

Commissioner's decision. Rather, she generally asserts that the transcript is untrue and incorrect.

Despite the court's efforts to explain the limited nature of the instant review, plaintiff steadfastly

maintains that the court should convene a trial or a hearing before a panel of impartial

individuals.

Again, however, the instant review of the Commissioner's decision is not *de novo*; the

Commissioner's findings of fact are conclusive if supported by substantial evidence. *Mathews v.

Eldridge*, 424 U.S. 319, 339, 96 S.Ct. 893, 905 n21 (1976).[4] Moreover, as previously explained,

to the extent that plaintiff intended to present new evidence relevant to the Commissioner's

decision, the court may order such additional evidence to be taken before the Commissioner

"only upon a showing that there is new evidence which is material and there is good cause for the

failure to incorporate such evidence into the record in a prior proceeding." *Pierre v. Sullivan,

884 F.2d 799, 803 (5th Cir. 1989) (citing, 42 U.S.C. § 405(g). To justify remand, the evidence

must be "new," and not merely cumulative of what is already in the record. *Id.* (citation

omitted). The evidence must also be "material"; *i.e.*, relevant, probative, and likely to have

changed the outcome of the Commissioner's determination. *Id.* Finally, the claimant must

demonstrate good cause for not having incorporated the new evidence into the administrative

---

[4]    Substantial evidence is such relevant evidence as a reasonable mind might accept as
adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

record.  *Id.*  Here, plaintiff has not identified any evidence that she wishes to present, let alone

established the limited circumstances that would support remand on those grounds.

Federal Rule of Civil Procedure Rule 41(b) authorizes dismissal of claims "[f]or failure

of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has

the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.  *Link v.*

*Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962).  "The power to invoke

this sanction is necessary in order to prevent undue delays in the disposition of pending cases and

to avoid congestion in the calendars of the [d]istrict [c]ourts."  *McCullough v. Lynaugh*, 835 F.2d

1126, 1127 (5th Cir.1988).

At this juncture, the court has afforded plaintiff more than one opportunity to comply

with the court's scheduling order.  Although plaintiff is proceeding in proper person, this is no

excuse for her continued noncompliance with court orders.[5]  In addition, this case is not her first

social security appeal.  *See, Alexander v. Commissioner of Social Security*, Civil Action No. 04-

1579 (W. D.  La.).[6]  In her previous case, plaintiff managed to submit a letter brief that

sufficiently alleged specific errors with the Commissioner's decision to permit judicial review.

*Id*.  Plaintiff does not seem willing to do the same here, thus rendering futile any further

---

[5]  While the court is well aware of plaintiff's *pro se* status, "'the right of self-
representation does not exempt a party from compliance with relevant rules of procedural and
substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v.*
*Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

[6]  In fact, plaintiff has considerable federal court experience.  *See, Alexander v. King*,
Civil Action Number 03-2101 (W. D. La.); *Alexander v. McKee Foods Corp.*, Civil Action
Number 06-1606 (W.D. La.); *Alexander v. Newellton Elementary School*, Civil Action Number
07-1608 (W.D. La.); *Alexander v. Tensas Parish*, Civil Action Number 08-2018 (W. D. La.);
*Alexander v. Franklin Medical Center Newellton*, Civil Action Number 09-0349 (W. D. La.); and
*Alexander v. Sommers*, Civil Action Number 09-0420 (W. D. La.).

opportunity for her to comply with the court's briefing requirements.

b) The Merits

Even if the court were to reach the merits of plaintiff's appeal, the record contains

substantial evidence to support the Commissioner's determination that Alexander was not

disabled. For instance, at the December 4, 2007, hearing before the Administrative Law Judge,

Alexander admitted that she was able to lift up to 15 pounds, sit "all right," and remain on her

feet for an hour or two at a time. (Tr. 28-29). In other words, she retained the exertional capacity

for sedentary work.[7] At the hearing, the ALJ posed a hypothetical to a vocational expert that

incorporated Alexander's vocational factors and a residual functional capacity for a limited range

of sedentary work. (Tr. 34-36). In response, the vocational expert identified jobs that exist in

significant numbers in the national economy that the hypothetical claimant could perform. (Tr.

34-36).[8] Accordingly, the Commissioner's decision is supported by substantial evidence and

---

[7] Sedentary work entails:

> . . . lifting no more than 10 pounds at a time and occasionally
> lifting or carrying articles like docket files, ledgers, and small tools.
> Although a sedentary job is defined as one which involves sitting, a
> certain amount of walking and standing is often necessary in
> carrying out job duties. Jobs are sedentary if walking and standing
> are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

Although the instant ALJ determined that Alexander retained the residual functional capacity for medium work, in so doing, he also effectively determined that she can perform light and sedentary work. 20 C.F.R. §§ 404.1567(c), 416.967(c).

[8] Two representative jobs identified by the vocational expert at the unskilled, sedentary exertional level include telephone information clerk and document preparer. (Tr. 34). There are approximately 97,000 telephone information clerk positions nationally, and 1,100 in Louisiana. *Id*. There are approximately 62,000 document preparer jobs nationally, and 800 in Louisiana. *Id*. These jobs constitute a significant number of jobs in the "national economy." 42 U.S.C. § 423(d)(2)(A); *Johnson v. Chater*, 108 F.3d 178, 181 (8th Cir. 1997) (200 jobs at state level and 10,000 nationally, constitute a significant number).

remains free of legal error.[9]

For the above-assigned reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) for failure to comply with court orders.

**IT IS ALTERNATIVELY RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[9] Although the ALJ rendered his decision at Step Four of the sequential evaluation process, the same result is substantially supported at Step Five. *See, discussion, supra.* Procedural perfection in administrative proceedings is not required. *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) (citation omitted). Moreover, "the court will not vacate a judgment unless the substantial rights of a party have been affected . . ." *Id.*

To the extent that the court may generously construe plaintiff's correspondence as implying that the ALJ erred by failing to afford her an opportunity to cross-examine the consultative physician, Basil Trunzler, M.D., plaintiff has not demonstrated any resulting prejudice; on the contrary, her own testimony (independent of Trunzler's report) provides substantial support for the determination that she retains the exertional capacity for sedentary work. *See, Curtis v. Commissioner Social Sec. Admin.*, 2008 WL 919692 (W.D. La. Feb. 27, 2008) (citing *Ka Fung Chan v. INS*, 634 F.2d 248, 258 (5th Cir.1981) (must show substantial prejudice in order to prove denial of due process in an administrative proceeding)).

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 2nd day of April, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE